'08 CIV 5363

JUDGE KAPLAN

LAW OFFICES OF SIMON HARTER, ESQ.
Simon Harter (SH-8540)
304 Park Avenue South – 11th Floor
New York, New York 10010
(212) 979-0250 – Phone
(212) 979-0251 – Fax
Attorneys for Plaintiff, Toisa Limited

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
TOISA LIMITED,                                            :
                                                          :
                        Plaintiff,                        :
                                                          :
        -against-                                         :       **VERIFIED COMPLAINT**
                                                          :
                                                          :
                                                          :
DOHA MARINE SERVICES, a/k/a                               :
DOHA MARINE SERVICES, LTD., a/k/a                         :
DOHA MARINE SERVICES (W.I.I.),                            :
                                                          :
                        Defendant.                        :
------------------------------------------------------------x

   Plaintiff, TOISA LIMITED, by its Attorneys, Law Offices of Simon Harter, Esq., as and for its Verified Complaint against the named Defendant, DOHA MARINE SERVICES, a/k/a DOHA MARINE SERVICES, LTD., a/k/a DOHA MARINE SERVICES (W.I.I.), alleges upon information and belief as follows:

   1.   This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, in that it involves claims for breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction

pursuant to 28 U.S.C. §1333, and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331. Finally, this Court also has jurisdiction over this matter because this action also arises under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201 *et seq.*

2. At all times relevant hereto, Plaintiff, Toisa Limited, was and still is a foreign business entity organized and existing under the laws of Bermuda with a registered office at Clarendon House, 2 Church Street, Hamilton, Bermuda.

3. At all times relevant hereto, Defendant was and still is a foreign business entity organized and existing under the laws of Qatar, with a registered office at Street 25, Gate 99, Salwa Industrial Area, Doha, Qatar.

4. On or about May 4, 2007[1], Plaintiff, in the capacity as owner, entered into a maritime contract of charter party, written on an amended SUPPLYTIME 89 form, with Defendant, under which Plaintiff agreed to let and Defendant agreed to time charter the Motor Vessel TOISA MARINER (renamed DMS REMITTANCE during the course of the charter) for a period of six months with six additional one month options exercisable at Defendant's option.

5. A copy of the contract is attached hereto as Exhibit "A" and incorporated by reference herein.

6. Plaintiff delivered to Defendant the aforementioned Vessel under the terms of the contract which was conforming in all respects to the conditions specified in the charter.

7. Plaintiff tendered the Vessel to Defendant on or about June 29, 2007, which commenced, pursuant to Box 9, the six month charter period. The Vessel was scheduled for redelivery on December 29, 2007.

---

[1] The contract of charter party dated May 4, 2007 was granted so that it followed on from a contract of charter party dated June 30, 2006 between Plaintiff and Defendant for the same Vessel.

8. On or about November 28, 2007, in accordance with Box 10, Defendant exercised one of its one month options, thereby extending the charter period to January 29, 2008.

9. Defendant redelivered the Vessel prematurely on January 20, 2008, which triggered the Early Termination provision of the contract. The Early Termination clause is provided for in Box 14 and Additional Clause 26 of the contract.

10. Pursuant to the Early Termination clause in the contract, Defendant was obligated to pay hire up to the end of the firm period, which, by virtue of Defendant exercising the one month option, ended on January 29, 2008.

11. On January 31, 2008, Plaintiff, through its agent, Sealion Shipping Limited, issued a final hire invoice (which represented the amount due Plaintiff for the additional one month option for December 29, 2007 to January 29, 2008) in the amount of US $563,325.11 to Defendant. A copy of the final hire invoice is attached hereto as Exhibit "B" and incorporated by reference herein.

12. On February 29, 2008, Defendant remitted payment to Plaintiff for various outstanding invoices, which included US $353,910.86 of hire payment for the option period of December 29, 2007 to January 29, 2008.

13. Defendant's payment of US $353,910.86 for hire of the option period has created a shortfall of US $209,414.25, which is now due and owing to Plaintiff.

14. As a consequence of the foregoing, Defendant is in breach of the contract of charter party, which breach has resulted in Plaintiff suffering damages in the amount due and owing.

15. In further breach of the contract of charter party, Defendant has failed to pay Plaintiff for modifications to the Vessel that Defendant requested prior to delivery.

16. On May 10, 2007, Defendant requested that Plaintiff install containerized portable FiFi (firefighting) units on the Vessel.

17. Plaintiff agreed to install the containerized portable FiFi units and, as a result, the parties modified the contract of charter party to include Addendum No. 1, dated June 20, 2007. A copy of Addendum No. 1 is attached hereto as Exhibit "C" and incorporated by reference herein.

18. Addendum No. 1 obligates Defendant to pay for the installation and demobilization costs associated with the FiFi units, a rental fee until the units were fully installed and operational, and increased the amount of hire. All other contract terms and conditions remained in force and were unaffected.

19. On February 4, 2008, following the redelivery of the Vessel, Plaintiff, through its agent, Sealion Shipping Limited, issued an invoice for US $82,844.19 for charges associated with the installation of the FiFi units pursuant to Addendum No. 1. A copy of the aforementioned invoice is attached hereto as Exhibit "D" and incorporated by reference herein.

20. Defendant has failed to pay any portion of the invoice associated with installation of the FiFi units.

21. As a consequence of the foregoing, Defendant is in breach of the contract of charter party, which breaches have resulted in Plaintiff suffering damages in the amount as specified above which are now due and owing.

22. The charter party provides, in Additional Clause 31, that any disputes arising thereunder shall be submitted to arbitration in London, England and according to English law.

23. In addition to an attachment in the full amount of the claims as outlined above, Plaintiff also seeks attachment over an additional sum to cover its anticipated attorneys' fees, costs and interest, all of which are recoverable in London arbitration.

24. Plaintiff estimates, to the best of its ability, that it will take approximately three years before an arbitration award is likely to be rendered in the instant action.

25. Given this time frame, Plaintiff seeks to attach funds sufficient to cover its claim of interest during the aforementioned period in the estimated amount of US $170,971.19 which, pursuant to Box 24 and Additional Clause 10(e) of the charter party, is calculated at a rate of one and one-half percent (1½ %) per month, commencing from the due date of payment and extending for three years – the anticipated time before an arbitration award is rendered.

26. Plaintiff also seeks to attach funds sufficient to cover its anticipated legal fees and costs, the recoverable portion of which is presently estimated at US $85,000.00.

27. Based upon the foregoing, the sum total sought to be attached in this action is US $548,229.63, consisting of Plaintiff's principal claim of US $292,258.44 (representing US $209,412.25 in unpaid hire and US $82,844.19 for costs associated with the installation of the FiFi units), interest of US $170,971.19 and recoverable legal fees and costs of US $85,000.00.

28. Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, but Plaintiff avers, on information and belief, that Defendant has, or will have during the pendency of this action, assets within this District comprising, *inter alia*, cash, funds, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, or any other tangible or intangible property, of, belonging to, due, claimed by or being held by or for the benefit of Defendant (hereinafter "assets"), located at, moving through, or held by, any garnishee(s) located within this District, including but not limited to HSBC (USA) Bank; Bank of America N.A.; The Bank of New York; Citibank N.A.; JPMorganChase Bank; Standard Chartered Bank; Wachovia Bank N.A.;

Deutsche Bank AG; Barclays Bank PLC; UBS A.G.; Credit Suisse; Nordea Bank Finland PLC; Fortis Bank SA/NV; ABN-AMRO Bank N.V.; American Express Bank Ltd.; Bank of China, and/or others.

29.  Plaintiff, for its part, has satisfied all of its obligations under the terms of the charter party.

**WHEREFORE**, Plaintiff, TOISA LIMITED, prays:

a.  That process in due form of law according to the practice of this Court may issue against Defendant, DOHA MARINE SERVICES, a/k/a DOHA MARINE SERVICES, LTD., a/k/a DOHA MARINE SERVICES (W.I.I.), citing it to appear and answer the foregoing, and failing such appearance and answer, to have judgment by default against the Defendant in the principal amount of the claim, plus interest, costs and reasonable attorneys' fees;

b.  That if Defendant cannot be found within this District pursuant to Supplemental Rule B, that all assets of Defendant up to and including the sum of US $548,229.63, may be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, or for the benefit of, Defendant, including but not limited to such assets as may be held, received or transferred in their own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to HSBC (USA) Bank, Bank of America, The Bank of New York, Citibank N.A., JPMorganChase Bank, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, Barclays Bank PLC, UBS A.G., Credit Suisse, Nordea Bank Finland PLC, Fortis Bank SA/NV, ABN-AMRO Bank N.V., American Express Bank Ltd., Bank of China, and/or any other garnishees(s) upon whom a copy of the Process of Maritime Attachment and Garnishment issued in this action may be served;

c.  That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary in order to give effect to the London arbitration; and

d.  For such other, further and different relief as this Court may deem just and proper in the circumstances.

Dated:    June 11, 2008

                  **LAW OFFICES OF SIMON HARTER, ESQ.**
                  Attorneys for Plaintiff, TOISA LIMITED

By:  _____
       Simon Harter (SH-8540)
       304 Park Avenue South – 11th Floor
       New York, New York 10010
       (212) 979-0250 (Phone)
       (212) 979-0251 (Fax)

## ATTORNEY VERIFICATION

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NEW YORK       )

**SIMON HARTER** verifies the following pursuant to 28 U.S.C. §1746:

1. I am a member of the Law Offices of Simon Harter, Esq., Attorneys for Plaintiff, TOISA LIMITED, in this action and a Member of the Bar of this Honorable Court. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information, and documentation provided by the Plaintiff and/or its duly authorized agents.

3. The reason this Verification is made by an attorney and not the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 11th day of June, 2008.

Simon Harter (SH-8540)
Law Offices of Simon Harter, Esq.
304 Park Avenue South – 11th Floor
New York, New York 10010
(212) 979-0250 - Phone
(212) 979-0251 - Fax